IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REGINALD WAYNE EMERSON, #525926,<br>    Petitioner,<br>vs.<br><br>NFN DRISKELL,<br>Warden,<br>    Respondent. | No. 3:19-CV-2859-C (BH)<br><br><br><br>Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant findings and applicable law, this habeas corpus petition should be **DISMISSED** as moot, and the non-habeas claim should be **DISMISSED** without prejudice.

## I. BACKGROUND

Reginald Wayne Emerson (Petitioner) was an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID) at the time he filed his petition for writ of habeas corpus under 28 U.S.C. § 2254. The named respondent is Warden Driskell. (*See* doc. 3 at 1.)

Petitioner challenged the revocation of his parole and denial of bail at a parole revocation hearing held on September 18, 2018. (*See id.* at 2.) He was previously convicted of burglary of a vehicle and received a 35-year sentence in Cause No. 89-91792-UN in the 195th District Court of Dallas County, Texas. *See* http://www.search.txcourts.gov (last visited Dec. 5, 2019). He filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the trial court on August 27, 2019, which the Texas Court of Criminal Appeals addressed on October 9, 2019:

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

> Applicant contends that the parole revocation hearing dated September 18, 2018, violated due process and equal protection and subjected him to arbitrary and wrongful punishment . . . The habeas court finds and concludes that, based on unique aspects of his case, applicant should have been provided with counsel. The court also finds that the alleged violations that formed the basis for revocation were not supported by a preponderance of the evidence. The court recommends granting relief.
>
> . . .
>
> This application will be held in abeyance until the trial court has had an opportunity to develop the record. The issues shall be resolved within 60 days of this order.

*See* http://www.search.txcourts.gov (last visited Dec. 5, 2019).

On December 11, 2019, in an unpublished per curiam opinion, the Texas Court of Criminal Appeals noted that the trial court had determined that there was a due process violation, and that habeas relief should be granted. *See* http://www.search.txcourts.gov (last visited Mar. 31, 2020). The trial court found that revocation of Petitioner's parole violated due process, and that there was insufficient evidence of the two alleged violations that had resulted in the revocation. *Id.* The Texas Court of Criminal Appeals concluded that the Pardons and Paroles Division should either reinstate parole or reopen the revocation proceedings. *Id.* Petitioner's remaining claims were found to lack merit and were denied. *Id.* Petitioner was released from custody and is no longer incarcerated at TDCJ-CID. *See* https://www.offender.tdcj.texas.gov (last visited Mar. 31, 2020).

In his federal petition, received on December 2, 2019, Petitioner asserted three grounds:

(1) the trial court refuses to release him on his personal recognizance, despite the fact that it determined that he is being "currently unlawfully restrained";

(2) following his "erroneous" parole revocation hearing, his constitutional rights continue to be in jeopardy and violated while he remains incarcerated without justification; and

(3) he requests compensation for false imprisonment based on unlawful restraint.

(*See* doc. 3 at 6-7.) He seeks immediate release on his personal recognizance, the payment of just

2

y
proceed

compensation, and injunctive relief. (*See id.* at 7.)

## II. MOOTNESS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

Here, as noted, Petitioner was granted state habeas relief, and he also has been released from incarceration. Because the issues raised by Petitioner in the first and second claims of his petition have been resolved by the state court, the issues raised no longer present a "live" controversy for this Court to address. *See Geraghty*, 445 U.S. at 396. The state court's grant of habeas relief and Petitioner's release from incarceration has therefore rendered his first and second claims moot.

## III. CIVIL CLAIM

Petitioner's false imprisonment claim for which he seeks monetary compensation and injunctive relief does not specifically challenge his custody. (*See* doc. 3 at 7.)

Claims that do not challenge Petitioner's custody may not be raised in this habeas action.

3

Courts may only consider federal habeas petitions under 28 U.S.C. § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). Petitioner's non-habeas civil claim may be liberally construed either as a civil rights action under 42 U.S.C. § 1983, or as a mandamus action under 28 U.S.C. § 1651 that must be raised in a separate civil case against the appropriate parties. Because Petitioner may only raise habeas claims in this habeas case, his non-habeas civil claim should be dismissed without prejudice to seeking relief in a civil rights case. *See Davis v. Valdez*, No. 3:15-CV-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted* 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

## IV. RECOMMENDATION

The petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DISMISSED** as moot, and the non-habeas claim should be **DISMISSED** without prejudice to filing in a civil rights case.

**SO RECOMMENDED** this 31st day of March, 2020.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                          _____
                                                                                          IRMA CARRILLO RAMIREZ
                                                                                          UNITED STATES MAGISTRATE JUDGE